IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:                                                      Case No. 05-09519-lmj7

STEPHEN R. STEGALL,
SHARON J. STEGALL,

         Debtors

**MEMORANDUM OF DECISION**
**(date entered on docket:  April 3, 2007)**

Chapter 7 Debtors Stephen R. Stegall and Sharon J. Stegall ("Debtors") contend that an engagement ring Sharon allegedly owned and received before the date of marriage, including a diamond of allegedly similar quality and style to the original diamond that Sharon lost and replaced after the date of marriage, should be exempt from the bankruptcy estate.  Arguing the exemption is not proper under Iowa Code section 627.6(1) (2005) that provides in part for an exemption in "the debtor's interest in any wedding or engagement ring owned and received by the debtor or the debtor's dependents on or before the date of marriage," Chapter 7 Trustee Thomas L. Flynn ("Trustee") objects.

At the time of the preliminary hearing on the exemption controversy, the Court agreed to consider a threshold legal issue without the need for a stipulation of facts or the presentation of evidence.  That issue is whether a debtor may claim an interest in a wedding or engagement ring exempt pursuant to the second sentence of Iowa Code section 627.6(1) (2005) if a lost setting has been replaced after the date of marriage.  The Court now enters its decision finding the exemption does not extend to a replacement setting acquired after the date of marriage even if the replacement setting

amounts to a restoration rather than an enhancement of the wedding or engagement ring.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1334 and the standing order of reference entered by the United States District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. section 157(b)(2)(B).

## BACKGROUND

On Schedule B (Personal Property), Debtors listed their interest in wearing apparel at $1,500.00 and in wedding rings at $4,600.00. On Schedule C (Property Claimed as Exempt), Debtors claimed their full interest in those items exempt pursuant to Iowa Code section 627.6(1) and indicated the value of those exemptions was equal to the current market value of the items without the deduction of the exemptions. In his objection to the claim of exemption in wedding rings, the Trustee reported that "the Debtors testified at the § 341 meeting that such rings were not purchased at the time of marriage but were purchased after their marriage." (Docket No. 14.) In their responsive objection, the Debtors alleged that Stephen gave Sharon an engagement ring approximately six months prior to their marriage on November 27, 1967, the diamond came loose from the setting in approximately 1975 and never reappeared, and "[i]n 2002, the Debtors replaced the aforementioned engagement ring with a ring of similar style and equivalent value and to this date, Sharon has worn the ring as her engagement ring." (Docket No. 18 at 1-2.) In his response to the Debtors' objection, the Trustee pointed out that "Debtors acknowledge that the ring at issue is a replacement ring." (Docket No. 21 at 1.)

During the preliminary telephonic hearing, the Debtors' attorney fine-tuned the facts further by representing to the Court that Sharon lost only the diamond setting, not the entire engagement ring, and the Debtors replaced the missing diamond on the original mounting with a diamond of similar quality and style when they were in a position to do so. He emphasized the sentimental value of the ring but otherwise speculated the current market value was equivalent to the value the ring would have had today had the original diamond not been lost. The Trustee observed the ring was insured for $8,696.00. He maintained the replacement diamond was not exempt and suggested the Debtors have the ring appraised with the diamond in the mount or outside the mount and then pay the estate the amount attributable to the diamond.

## APPLICABLE LAW

11 U.S.C. section 522(b) (1) (2000) permits individual states to opt out of the federal exemption scheme.[1] Iowa has done so in Iowa Code section 627.10 (2005).[2]

---

[1] 11 U.S.C. section 522(b)(1) (2000) states:
 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is--
  (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize.
11 U.S.C. § 522(b)(1) (2000).

[2] Iowa Code section 627.10 (2005) states:
 A debtor to whom the law of this state applies on the date of filing of a petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. sec. 522(d) (1979). This section is enacted for the purpose set forth in 11 U.S.C. sec. 522(b)(1)(1979).
Iowa Code § 627.10 (2005).

Accordingly, this Court must apply Iowa law in ruling on the pending exemption controversy.

Iowa Code section 627.6(1) (2005) permits a debtor who is a resident of Iowa to hold the following property exempt from execution:

> 1. All wearing apparel of the debtor and the debtor's dependents kept for actual use and the trunks or other receptacles necessary for the wearing apparel, not to exceed in value one thousand dollars in the aggregate.  In addition, the debtor's interest in any wedding or engagement ring owned and received by the debtor or the debtor's dependents on or before the date of marriage.

Iowa Code § 627.6(1) (2005).  The Trustee has the burden of proving the exemptions were not properly claimed.[3]

In construing Iowa Code section 627.6(1) (2005), this Court is mindful of the well-settled proposition that Iowa's exemption statutes must be liberally construed.  Frudden Lumber Co. v. Clifton, 183 N.W.2d 201, 203 (Iowa 1971).  Yet, that does not mean this Court may depart substantially from the express language of the exemption statutes or extend the legislative grant.  Matter of Hahn, 5 B.R. 242, 244 (Bankr. S.D. Iowa 1980), citing Wertz v. Hale, 212 Iowa 294, 234 N.W. 534 (1931) and Iowa Methodist Hospital v. Long, 234 Iowa 843, 12 N.W.2d 171 (1944).

## DISCUSSION

Neither the parties nor the Court were able to find any controlling state or federal case law addressing the specific issue under consideration.  The Trustee, however, asks the Court to adopt the reasoning in In re Crane, No. 97-02968-C (Bankr. N.D. Iowa filed February 11, 1998), a case in which the debtors replaced a plain wedding band

---

[3] Rule 4003(c) of the Federal Rules of Bankruptcy Procedure states: "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.  After hearing on notice, the court shall determine the issues presented by the objections."

that included no stone and that was estimated to be worth several hundred dollars with a ring that included a one 7/8 carat diamond and eight .03 carat diamonds and that was estimated to be worth several thousand dollars.  Finding that "[t]he purpose of this statute is to preserve to a debtor an item of sentimental value purchased prior to the wedding," that "[i]nstead of speaking in terms of a maximum value, this section speaks in terms of a specific date prior to which an item of property must have been purchased," and that "[t]o broaden this exemption by eliminating the time limitation is equivalent to negating the limitation completely," the United States Bankruptcy Court for the Northern District of Iowa held the replacement ring was not exempt under the second sentence of Iowa Code section 627.6(1).  Id. at 4-7.  Citing In re Eden, 96 B.R. 895 (Bankr. N.D. Iowa 1988), Forsyth v. Forsyth, 210 N.W.2d 430 (Iowa 1973), and Neasham v. McNair, 103 Iowa 695, 72, N.W. 773 (1897) for the proposition that jewelry may be exempt as wearing apparel, the Crane court permitted the debtor to claim the ring exempt to the extent the ring and other claimed wearing apparel were within the monetary limitation set forth in the first sentence of the section.  Id. at 7-8.

One readily can distinguish the facts in the Crane case from the factual representations made by the Debtors' attorney in this case.  One accordingly might argue for a different result especially given the Crane court's comments that "[w]hile a replacement ring may, in some sense, commemorate the original engagement or wedding of the debtor, it is not fair to conclude it holds the same level of emotional bond as the original ring which was lost" and "[i]t is simply not reasonable to conclude that a diamond ring of substantial value should be exempted under this statute at the expense of creditors by judicially interpreting the clear limitation of this section out of existence."

Id. at 4, and at 6 (citing Wikle v Westhem, 642 F.2d 1139, 1140 (9th Cir. 1981)).[4] This Court, however, is not willing to carve out an exception for an acquisition of a replacement setting after the date of marriage. Even if such a replacement setting does not enhance the market value of the wedding or engagement ring, the fact remains that the acquisition of the replacement setting will have occurred after the date of marriage and that is contrary to the plain meaning of the applicable statute.

It should be noted that the Iowa legislature recently amended Iowa Code section 627.6(1) (2005), effective July 1, 2006. The first sentence regarding the exemption in wearing apparel, trunks and other receptacles necessary for the wearing apparel basically has been moved into an updated list of other personal, family and household items in Iowa Code section 627.6(5), with the aggregate value not to exceed $7,000.00. The second sentence has been replaced by the following provisions:

> 1. The debtor's interest in:
>
> a. Any wedding or engagement ring owned or received by the debtor or the debtor's dependents. However, any interest acquired in one or more wedding or engagement rings owned or received by the debtor or the debtor's dependents after the date of marriage and within two years of the date the execution is issued or an exemption is claimed shall not exceed a value equal to seven thousand dollars in the aggregate minus the amount claimed by the debtor for any other jewelry claimed in paragraph "b".
> b. All jewelry of the debtor and the debtor's dependents owned or received by the debtor or the debtor's dependents, not to exceed in value two thousand dollars in the aggregate.

---

[4] In their responsive objection, Debtors cited to Wikle v Westhem (In re Westhem), 642 F.2d 1139 (9th Cir. 1981). (Docket No. 18 at 2.) In that case, the Court of Appeals for the Ninth Circuit held under the specific facts presented that a $3,000.00 ring purchased with insurance proceeds covering a stolen heirloom engagement ring was exempt as wearing apparel under California law in that the replacement ring was linked to a former ring of sentimental value and was not a mere expensive ornament. (A judge from the Court of Appeals for the Eighth Circuit, who was sitting by designation with the panel, dissented on the ground the replacement ring represented a substantial investment asset and amounted to an expensive ornament falling outside the realm of the California wearing apparel exemption.) During the preliminary telephonic hearing, the Debtors' attorney acknowledged that the California case was not directly on point with this case.

2006 Iowa Acts, Ch. 1086, § 1. While they do not apply in this case, the amendments do suggest the Iowa legislature intended to counter certain prior case law discussed in this decision. Specifically, jewelry now is in a separate section from wearing apparel. Likewise, a wedding or engagement ring acquired after the date of marriage is exempt with no restriction on value as long as the ring was not acquired within two years of the date an execution is issued or an exemption is claimed and, if the temporal limitation does apply, that limitation does not bar per se a claim of exemption but rather subjects the claim of exemption to a dollar limitation.

## CONCLUSION

WHEREFORE, for the reasons set forth in this Memorandum of Decision, the Court finds that Iowa Code section 627.6(1) (2005) does not extend to a replacement setting acquired after the date of marriage even if the replacement setting amounts to a restoration rather than an enhancement of the wedding or engagement ring.

A separate order sustaining the Trustee's objection to the Debtors' pending claim of exemption shall be entered accordingly and will be effective May 3, 2007 unless the Trustee files a motion to compromise in the interim.

/s/ Lee M. Jackwig
Lee M. Jackwig
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic filers in this Chapter 7 case